**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| BRUCE BARTMANN, | ) | No. CV 09-03163 (CW) |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that judgment should be granted in favor of defendant, affirming the Commissioner's decision.

**I. BACKGROUND**

Plaintiff Bruce Bartmann was born on March 16, 1962 and was forty-six years old at the time of his administrative hearing. [Administrative Record "AR" 24, 186.] He has a high school equivalency diploma (GED) and no past relevant work. [AR 24.]

Plaintiff alleges disability on the basis of psychiatric problems, hallucinations, and back pain. [Id.]

## II.  PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on May 5, 2009, and filed on May 8, 2009.  On October 19, 2009, defendant filed an Answer and plaintiff's Administrative Record ("AR").  On January 26, 2010, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff Bartmann applied for supplemental security income ("SSI") under Title XVI of the Social Security Act on November 14, 2005, alleging disability since April 1, 2003.  [JS 2; AR 24.]  After the application was denied initially and on reconsideration, Plaintiff requested an administrative hearing, which was held on February 13, 2008, before Administrative Law Judge ("ALJ") Lawrence D. Wheeler. [Transcript, AR 399-423.]  Plaintiff appeared with counsel, and testimony was taken from plaintiff and a vocational expert.  [Id.] ALJ Wheeler denied benefits in a decision issued on April 22, 2008. [Decision, AR 24-31.]  When the Appeals Council denied review on January 20, 2009, the ALJ's decision became the Commissioner's final decision.  [AR 6-8.]

## IV.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the

court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V.  DISCUSSION

### A.  THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

>       Step one: Is the claimant engaging in substantial
> gainful activity?  If so, the claimant is found not
> disabled.  If not, proceed to step two.
>       Step two: Does the claimant have a "severe" impairment?
> If so, proceed to step three.  If not, then a finding of not
> disabled is appropriate.
>       Step three: Does the claimant's impairment or
> combination of impairments meet or equal an impairment
> listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If
> so, the claimant is automatically determined disabled.  If
> not, proceed to step four.
>       Step four: Is the claimant capable of performing his
> past work?  If so, the claimant is not disabled.  If not,
> proceed to step five.
>       Step five: Does the claimant have the residual
> functional capacity to perform any other work?  If so, the
> claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  Penny v.

education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

### B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE

Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 14, 2005, (step one) and that plaintiff did not have a "severe" impairment (step two). [AR 29.] Alternatively, when "interpreting the evidence in the most favorable light to the claimant," the ALJ found that Plaintiff might have "severe" impairments, namely mood disorder, personality disorder, possibly "some psychotic disorder - albeit minor," and possibly a lumbar spine condition (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 25, 29.] Plaintiff was found to have an RFC that limited him to medium work including lifting and carrying fifty pounds regularly and twenty-five pounds frequently, sitting for six hours in an eight hour work day, and standing and/or walking six of eight hours. [AR 30.] Additionally, the ALJ concluded that Plaintiff should avoid public contact and more than minimal contact with peers. Id. Plaintiff had no past relevant work (step four). Based on the vocational expert ("VE") testimony that a person with Plaintiff's RFC limitations would be able to perform jobs that exist in significant numbers in the national economy such as packager and small products assembler (step five), Plaintiff was found not "disabled" as defined by the Social Security Act. [AR 31.]

---

Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

5

**C.   ISSUE IN DISPUTE**

The parties' Joint Stipulation sets out the following disputed issue:  whether the ALJ properly considered the medical evidence as contained in the examining opinion of Stephen Simonian, M.D.

**D.   DR. SIMONIAN**

On April 19, 2007, Plaintiff underwent a psychiatric evaluation conducted by Dr. Simonian. [AR 82-87.]  Dr. Simonian reviewed available medical records and took a psychiatric history, which noted that Plaintiff had a history of psychiatric hospitalization while he was in prison and addicted to drugs. [AR 83.]  Dr. Simonian observed that Plaintiff exhibited coherent thought processes, an appropriate affect, and no delusional thinking or hallucinations. [AR 85.] Additionally, the doctor found that his intellectual functioning, memory, comprehension, abstract thinking, and ability to perform calculations were all "intact and average." [Id.]  Dr. Simonian diagnosed Plaintiff with cocaine and methamphetamine abuse in remission and depressive disorder and judged Plaintiff's functional ability to be 55 percent. [AR 85-86.]  As to Plaintiff's psychiatric functional assessment, Dr. Simonian opined that Plaintiff was mildly limited in his ability to interact with coworkers and the public, adapt to stresses in the work environment, and maintain regular attendance and perform work activity on a consistent basis. [AR 86.]

In the administrative decision, the ALJ did not specifically discuss Dr. Simonian's evaluation.  [AR 24-31.] Plaintiff contends that this omission constitutes error and is significant because it establishes Plaintiff was functionally limited to the point of disability. [JS 9.]  Upon review of the record, however, plaintiff's contentions are without merit.

An ALJ is not required to discuss and develop every piece of evidence in his decision. Vincent v. Heckler, 739 F. 2d 1393, 1394-95 (9th Cir. 1984). Here, the ALJ was not required to address Dr. Simonian's evaluation unless he was rejecting "significant probative" evidence. Id. Dr. Simonian's opinion was substantially similar to that of Dr. Jobst Singer's March 2006 evaluation of Plaintiff. [AR 253-56.] Dr. Singer's main concern, noted by the ALJ, was that Plaintiff suffered from drug dependancy. [AR 255.] At the time of Plaintiff's interview with Dr. Simonian, Plaintiff's drug problem was diagnosed as in remission. [AR 85.] Although the ALJ accepted Dr. Singer's report, he allowed that Plaintiff "likely has depression or other mood disorder and a personality disorder." [AR 28.] It is reasonable to infer that this allowance stems from Dr. Simonian's report, as a diagnosis of depression is the only material difference between the evaluations of Dr. Simonian and Dr. Singer. [AR 85, 255.] See Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989) (A reviewing court may draw specific and legitimate inferences from the ALJ's opinion "if those inferences are there to be drawn.") Both doctors assessed Plaintiff as mildly impaired in some respects, but neither ascribed significant limitations such that Plaintiff would be unable to perform work in the national economy. [AR 86, 256; see AR 420-22 (vocational expert testimony).] Further, their opinions are supported by the Department of Corrections psychiatric services which document Plaintiff as having minimal psychological problems while incarcerated.[2] [AR 230, 233, 236, 357-59.] Therefore, the failure of

---

[2] There is evidence in the record that, while Plaintiff was in prison, he occasionally exhibited more serious psychological problems, including suicidal threats. [AR 324.] Department of Corrections

1 the ALJ to discuss Dr. Simonian's opinion was not reversible error.
2 See Vincent, 739 F.3d at 1394-95.

### VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **AFFIRMED**.
2. This action is **DISMISSED WITH PREJUDICE**.
3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: July 20, 2010

                                               /s/ Carla M. Woehrle
                                               CARLA M. WOEHRLE
                                               United States Magistrate Judge

---

psychologists linked these instances to Plaintiff's desire to change cell mates or cell locations. [AR 316-17.] These records were also noted by the ALJ. [AR 29.]